## The State *versus* Caleb Blake.

On exceptions from the District Court, it cannot be considered, that the District Judge acted erroneously in the admission of testimony, authorized by an opinion of this Court, which has not been overruled; although the correctness of that opinion may well be doubted.

Whether the testimony has a direct tendency to prove or disprove the issue, is not always the true criterion, by which to determine whether such testimony be material and relative to the issue to be tried. When a witness has been introduced and has testified, it may become very material to ascertain whether confidence can be reposed in the veracity of his statements; and therefore testimony to contradict the witness, or to show that the statements made by him should not be believed, is not to be excluded as hearsay, or as contradicting that which is collateral and irrelative.

If a witness be inquired of whether he has not testified falsely in a former case in which he had been called by the same party, he may refuse to answer, because it might criminate himself; but if he consents to answer, and states that he had not, his declarations to the contrary may be received to discredit him. And as the present practice in this State does not require the previous examination, his declarations that he has sworn falsely may be received, without any previous inquiry of the witness, whether he had made such statements.

The exceptions state, that this was an indictment, tried in the District Court, " for an assault ;" that Blake called Michael Carey, by whom he proved, that the assault was made by French, the complainant, and that the defendant acted in self-defence.

The county attorney, to impeach Carey, without inquiring of the witness, if he had so said, called Charles Blake, who testified, that he asked Carey, if he had sworn falsely in a case in which he had been a witness for said defendant; and that the witness said " he had, and would again, if Blake wanted him to ;" and by another witness, that he said, " that he would tell just what Caleb told him to." Objection was seasonably made to the admission of this testimony, but it was admitted by Allen, District Judge, presiding at the trial.

On the return of a verdict of guilty, the accused filed exceptions.

*J Appleton,* for the accused.

State *v.* Blake.

1. The law recognizes but three modes of impeaching a witness. First. By disproving the facts stated by him, by the testimony of other witnesses. Second. By general evidence affecting his credit for veracity. Third. By proof that he has made statements out of court contrary to what he testified on the trial. 1 Greenl. Ev. 512, 513, 514 ; 1 Phil. Ev. 229, 230, 231 ; 1 Stark. Ev. 145. The evidence objected to comes within none of the above modes; and those are the only modes known to the law.

2. The evidence of Charles Blake was inadmissible on another ground. If offered as proof of former perjury, that can only be done by the record of conviction.

3. It is raising a new issue ; and if the government can prove one side, the accused may the other, and the guilt or innocence of a witness may thus be tried collaterally.

4. The evidence thus admitted is hearsay, and so inadmissible.

5. If the defendant's witness had been asked that question, the government would have been bound by the answer. It is a mere collateral matter. If a witness is allowed to be impeached on collateral matter, issues may be raised indefinitely.

6. The evidence should have been excluded, because it was not relevant to the issue ; and because it did not conflict with any statement by him made; and would open a wide door without any definite limitation. *Halley* v. *Webster*, 21 Maine R. 464.

*Moor*, Attorney General, for the State.

If the evidence received was proper evidence to impeach or discredit the witness with the jury, it was not necessary to inquire of the witness, before offering the testimony, whether he had made the statement proved by the impeaching witness. The English rule has never been introduced into our practice. *Ware* v. *Ware*, 8 Greenl. 42 ; *Tucker* v. *Welch*, 17 Mass. R. 160.

The three modes of impeaching a witness, cited from Greenleaf's Evidence, are not the only modes. A very common method of impeaching a witness is, to prove that he was not

present, when the facts transpired about which he was testifying; or to prove a witness in a state of intoxication at the time. Swift's Ev. 141 ; 1 Stark. Ev. 157 ; 1 Greenl. Ev. 516.

The testimony introduced was the most effectual way of discrediting the witness.

There is no greater ground for objection to this, as hearsay evidence, than can be made to all testimony introduced to impeach any witness. This was relevant to the issue, having a direct bearing upon the credibility of the witness.

The government would not have been bound by the answer of the witness, if it had been asked. It would not have been irrelevant, because it went directly to the character of the witness. 1 Greenl. Ev. 506. It was therefore clearly admissible.

The opinion of the Court was drawn up by

SHEPLEY J. — The prosecuting officer was in this case permitted to introduce testimony, that a witness, who had testified in favor of the accused, had declared, that in a former case, when called by the same party, he had testified falsely, and that " he would tell just what Caleb told him to." The witness had not been first asked, whether he had made such declarations. This course was undoubtedly contrary to a well established rule, which prevails in England and in most of these United States. It was authorized in this State by the case of *Ware* v. *Ware,* 8 Greenl. 53. It does not appear to have been necessary to the decision of that case, that the opinion should have stated, that the rule, which requires, that the witness should be first examined respecting his declarations and acts, had not been admitted in the practice of this State. Whether a practice at variance with a rule resting upon long experience of its beneficial effect, and sustained by many other substantial reasons, should be continued, may deserve consideration ; but the Judge of the District Court cannot be considered as acting erroneously in the admission of testimony authorized by an opinion of this Court which has not been overruled.

State *v.* Blake.

The testimony was therefore admissible according to our practice, unless it be considered as collateral and irrelative. It certainly had not any direct tendency to prove or disprove the issue. But this is not always the true criterion, by which to determine, whether testimony be material and relative to the issue to be tried. When a witness has been introduced and has testified, it becomes very material to ascertain whether confidence can be reposed in the veracity of his statements. His means of knowledge, his general character for truth, his former statements respecting the same matter, can have no direct tendency to prove or disprove the issue; yet they may be very material to enable a jury to decide it correctly. Upon the same principle, and for a like purpose, the witness may be examined and other testimony may be introduced to prove, that he has been suborned or corrupted, or that he has attempted to corrupt others, with reference to the pending controversy; that he has testified under the influence of settled hostility, or of revengeful passions, or under some improper influence of the party, who has introduced him. Many examples of this kind of testimony are to be found in the decided cases, and are cited in the books upon evidence. Such testimony is not considered as coming within the rule, which excludes testimony offered to contradict that, which is collateral and irrelative.

If the question had been put to the witness in this case, whether he had testified falsely in a former case, in which the accused was a party, he might have refused to answer, because it might have criminated himself; but if he had consented to answer, and had stated, that he had not, his declarations to the contrary might have been received. Such testimony would not be admissible for the purpose of showing, that he had been guilty of an offence; but for the purpose of showing, that the relations between him and the party, who introduced him, were such as to induce him to swerve from the truth. For the like reason he might have been required to answer, whether he had stated, that he would testify, as the accused should desire. As our present practice does not re-

quire such previous examination, his declarations must be considered as properly received.

*Exceptions overruled, and case remanded.*